United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COMMUNITY FIRST CREDIT UNION INC., | No. C 10-5424 SI |
| Plaintiff, | Related to C 10-3743 SI |
| v. | **ORDER GRANTING ADMINISTRATIVE MOTION TO RELATE CASE; GRANTING PLAINTIFF'S MOTION TO REMAND; AND ORDERING DEFENDANT TO SHOW CAUSE WHY FEES AND COSTS SHOULD NOT BE AWARDED** |
| J.L. CHANDLER, | |
| Defendant. | |

On November 30, 2010, defendant J.L. Chandler removed this unlawful detainer action.[1] Plaintiff has filed a motion to relate this case to *Community First Credit Union Inc. v. J.L. Chandler*, C 10-3743 SI. The Court finds the two cases are related – in fact, they are identical – and accordingly the Court GRANTS the motion. (Docket No. 22 in C 10-3743 SI).

**1.    Remand**

In the earlier case, defendant removed the same state court unlawful detainer action to this Court. In that case, the Court ordered defendant to show cause why the case should not be remanded to state court for lack of jurisdiction. In an order filed November 2, 2010, the Court remanded the case to state court:

---

[1] The notice of removal incorrectly states that J.L. Chandler is the plaintiff in the state court action. However, the record in this case shows that J.L. Chandler is the defendant in the state court unlawful detainer action (Sonoma County Superior Court Case Number MCV 212036). *See* Wykowski Decl. Ex. A (copy of state court complaint) (Docket No. 10 in C 10-5424 SI).

> Defendant has filed a response to the Order to Show Cause, plaintiff has filed an opposition, and defendant has filed a reply. Defendant seeks leave to file a counterclaim adding new diverse parties, and defendant contends that with the addition of these new parties, the Court will have jurisdiction over this case on the basis of diversity of citizenship. However, as stated in the Order to Show Cause, from the face of the complaint there is no federal question jurisdiction; where there is no federal question jurisdiction, an action is not removable if the defendant is a citizen of the state in which the action was brought. *See* 28 U.S.C. § 1441(a), (b). Here, defendant is a California resident, and thus defendant cannot remove this case to this Court. See Notice of Removal Ex. A (proposed state court cross-complaint stating that defendant is a resident of Sonoma County, California). Moreover, when diversity of citizenship is the basis for removal, it must exist at the time the original action is filed in state court, which is not the case here. *See Miller v. Grgurich*, 763 F.2d 372, 373 (9th Cir. 1985).

Docket No. 20 in C 10-3743 SI.

This second attempt at removal is equally without merit. Defendant incorrectly asserts that the removal was made within 30 days of the filing of the complaint; it was not, as the state court unlawful detainer action was filed and served on July 29, 2010. *See* Wykowski Decl. ¶ 2 & Ex. A, B (Docket No. 4 in C 10-3743). "[A] timely objection to a late petition will defeat removal . . . ." *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1212 (9th Cir. 1980) (per curiam).

The removal is also substantively defective. Defendant asserts that there is federal question jurisdiction because defendant was the victim of an illegal non-judicial foreclosure. However, pursuant to the well-pleaded complaint rule, the basis for removal jurisdiction must be evident from the complaint. *See Franchise Tax Bd. of California v. Construction Laborers Vacation Trust for So. California*, 463 U.S. 1, 9-12 (1983) (discussing well-pleaded complaint rule). There are no federal claims alleged in the unlawful detainer complaint.

Accordingly, this action is REMANDED to the Superior Court for the County of Sonoma.

**2.     Attorneys fees and costs**

The first time that defendant removed this unlawful detainer action, the Court exercised its discretion and denied plaintiff's request for fees and costs. This time, the Court finds it appropriate to award fees and costs to plaintiff. After this Court remanded this action the first time, the case was set for trial in state court on November 30, 2010 – which is the same date as this second removal. Wykowski Decl. Ex. C (state court Order & Notice of Trial) (Docket No. 10, Ex. C in 10-5424 SI). The timing of the removal on the day of trial, as well as the complete baselessness of the removal,

demonstrate that defendant has acted in bad faith and to delay the state court action.  Plaintiff has requested a total of $8,675 in fees and costs, with $3,425 associated with the instant case and $5,250 associated with the prior case.  The Court finds it appropriate to award $3,425, the fees and costs reasonably incurred in the instant case.

Defendant J.L. Chandler is **ORDERED TO SHOW CAUSE, in writing to be filed no later than January 7, 2011**, why this Court should not award $3,425 in fees and costs.

**IT IS SO ORDERED.**

Dated: December 8, 2010

SUSAN ILLSTON
United States District Judge